UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STATE OF GEORGIA,<br><br>       v.<br><br>ERIC A. HEINZE AND KRISTOPHER L. HUTCHENS,<br><br>       Defendants. | Criminal Action File<br>No.: 1:22-cr-00388-VMC-1 |

## THE STATE OF GEORGIA'S MOTION FOR A LIMITED REMAND

The State of Georgia respectfully moves to assert its sovereign right to supersede the indictment against Defendants Eric Heinze and Kristopher Hutchens. In support of its motion, it states as follows:

    I.    *Removal to federal court does not alter the State of Georgia's right to supersede an indictment.*

The State of Georgia has the sovereign right to supersede an indictment prior to trial. *State v. Heath*, 308 Ga. 836, 840 (2020). Removal does not divest the State of this, or any, of its substantive rights in this prosecution. *See Arizona v. Manypenny*, 451 U.S. 232, 242 (1981).

As the United States Supreme Court has made clear, removal to federal court pursuant to Section 1442 of Chapter 28 of the United States Code ("Section 1442") "does not revise or alter the underlying law to be applied" nor does it "enlarge[] []or

contract[] the rights of the parties." *Id.* In *Manypenny*, the Supreme Court explained why federal removal cannot limit the prosecutorial rights of a sovereign state government:

> The statutory goal of ensuring fair and impartial adjudication is not advanced when the State in effect can be penalized by the defendant's decision to remove a criminal prosecution. Absent any indication that the removal statute was intended to derogate from the State's interest in evenhanded enforcement of its laws, we see no justification for providing an unintended benefit to a defendant who happens to be a federal officer.

*Id.* at 243. In short, although "[f]ederal involvement is necessary in order to insure a federal forum . . . it is limited to assuring that an impartial <u>setting</u> is provided in which the federal defense of immunity can be considered during prosecution under state law." *Id.* at 242 (emphasis added).

*Manypenny* rejected defendants' efforts to limit the state's right to appeal a criminal matter that was removed to federal court. Although the Court agreed that no acts of Congress allowed *federal* prosecutors to take such an appeal, it concluded that nothing about the act of removal "impairs the appellate rights of the *state* prosecutor acting to enforce his separate body of criminal law." 451 U.S. at 249 (emphasis added). This holding requires federal forums to fully accommodate the rights of state prosecutors in removal cases. *See id.*

There is no question that any prosecutors, whether state or federal, have the right to bring superseding indictments. Denying the State's right to supersede here

would both contravene the explicit holding of *Manypenny* and undermine the important federalism concerns that animated the Supreme Court's reasoning. *See, e.g.*, *id.* at 243. Therefore, the State retains its power to supersede following removal of this case to federal court.

> II. *Superseding is an appropriate exercise of the State's broad prosecutorial discretion in light of Defendants' filings and the evidence in this case.*

The State has carefully considered Defendants' Motions to Dismiss the false statement counts. (*See* ECF Nos. 29 at 7; 31-1 at 23-25; 34 at 1-3.) After reviewing Defendants' arguments and conducting additional research, the State agrees that Fulton County is an improper venue for Counts 5 and 6 of the indictment. However, Defendant Heinze's testimony to the Fulton County grand jury in this case—repeating the same false statements originally made in a different county—constituted an overt act in furtherance of a conspiracy to purvey the false statements. The State thus intends to supersede the indictment, abandoning the false statement counts improperly laid in Fulton County and replacing them with conspiracy counts. O.C.G.A. §§ 16-4-8, 16-10-20.

Furthermore, after reviewing the evidence in preparation for the upcoming hearing, as well as the Eleventh Circuit's intervening ruling regarding the shots fired after the victim was unresponsive, the State intends to add two additional counts. First, the State intends to charge the Defendants with malice murder, for shooting

the victim after the flashbang rendered the victim unresponsive. O.C.G.A. §16-5-1. Second, the State intends to bring an additional count of felony murder based on false imprisonment under color of legal process. O.C.G.A. §§16-4-8, 16-10-20.

> III.  *A limited remand to Fulton County Superior Court is the proper way to ensure that both parties' rights are protected.*

Jurisdictional constraints require the Court to issue a limited remand before the State can supersede the indictment. Defendants' removal of this case to federal court terminated the jurisdiction of the Fulton County Superior Court. 28 U.S.C. § 1446(d); *see Sayers v. Rothberg*, 222 Ga. 626, 627 (1966). Under Georgia law, the grand jury's power flows from the Georgia superior court that empanels it. *See, e.g.*, O.G.C.A. §§ 15-12-71, 15-12-67, 15-12-74. Because the Fulton County Superior Court must have jurisdiction before the State can present a superseding indictment to the grand jury, this Court must issue a limited remand.

Accordingly, the State moves for a limited remand to present the superseding indictment to a Fulton County grand jury. The State will take care once again to protect Defendants' rights under Georgia law, providing them 20 days' notice and an opportunity to appear before the grand jury. O.C.G.A. § 17-7-52. The State proposes that, within two business days of the grand jury's charging decision, the

---

State would file a notice with this Court, upon which the Court would terminate the limited remand and resume federal proceedings.[1]

IV.   Conclusion

The State respectfully moves for a limited remand, to allow the State to present a superseding indictment to a Fulton County grand jury. The remand would preserve the State's sovereign right to supersede, protect the Defendants' state law right to defend against the indictment, and maintain the jurisdictional integrity of all deliberative bodies.

Dated: May 5, 2023

Respectfully submitted,

*/s/ Sonya Faye Allen*
Sonya Faye Allen
Georgia Bar No. 222344
Telephone: 404-849-8419
Sonya.allen@fultoncountyga.gov
Office of the Fulton County District Attorney
Third Floor
136 Pryor Street, S.W.
Atlanta, GA 30303
Telephone: 404-849-8419
*Attorney for the State of Georgia*

---

[1] The State maintains and reasserts its objections to removal, but acknowledges that its argument has been precluded by the prior decision of this Court.

5

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document was prepared using 14-point Times New Roman in accordance with Local Rule 5.1.

*/s/ Sonya Faye Allen*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 5th day of May the foregoing Motion was filed with the Clerk of Court using the CM/ECF filing system which will automatically send e-mail notification of such filing to opposing counsel.

*/s/ Sonya Faye Allen*